```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

UNITED STATES OF AMERICA

VS.                                    CRIMINAL NO. 5:99-cr-13(DCB)

WILLIAM ERIC BARNES                                         DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant William Eric Barnes' Petition for Relief from Disability **(docket entry 10).** Having carefully considered the petition and the applicable law, and being fully advised in the premises, the Court finds as follows:

The defendant pled guilty to one count of misprision of felony, 18 U.S.C. § 4, and was sentenced on October 12, 1999, to a 15-month term of imprisonment.  In the present petition, Barnes seeks to have his Second Amendment right to possess firearms restored.  He states that through counsel he has made an Application for Relief from Disability to the United States Attorney General pursuant to 18 U.S.C. § 925(c).  Attached to the petition is a letter from counsel, dated September 13, 2013, advising the U.S. Attorney General "that if there is no response to [the] application within sixty (60) days from receipt thereof, we will consider your failure to respond as a denial of the relief requested."  In his petition, Barnes states that no response from the Attorney General was received, and he requests the Court to

deem the failure to respond as a denial.  He also requests a hearing before the Court on his petition.

The petitioner does not show that he has made an application to the Director of the Bureau of Alcohol, Tobacco, and Firearms (ATF), to whom the Attorney General has delegated authority.  See Drake v. United States, 441 F.Supp.2d 779, 779-80 (E.D. Tex. 2006). Moreover, "[s]ince 1992, Congress has refused each year to provide funding to ATF to review applications for relief from federal firearms disabilities." Drake v. United States, 2007 WL 1182847, at *2 (E.D. La. April 18, 2007)(citing United States v. Bean, 123 S.Ct. 584, 586-87 (2002)).  "The United States Supreme Court has held that an inaction does not amount to a 'denial within the meaning of § 925(c)' and 'an actual adverse action on the application by ATF is a prerequisite for judicial review.'"  Id. (quoting Bean, 123 S.Ct. at 587).

The Court therefore finds that judicial review is not available, and the Court lacks jurisdiction over the petition.

Accordingly,

IT IS HEREBY ORDERED that the defendant William Eric Barnes' Petition for Relief from Disability **(docket entry 10)**  is DENIED.

SO ORDERED, this the 12th day of February, 2014.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE